MAYALL HURLEY P.C.
ROBERT J. WASSERMAN (SBN: 258538)
rwasserman@mayallaw.com
WILLIAM J. GORHAM (SBN: 151773)
wgorham@mayallaw.com
NICHOLAS J. SCARDIGLI (SBN: 249947)
nscardigli@mayallaw.com
VLADIMIR J. KOZINA (SBN: 284645)
vjkozina@mayallaw.com
2453 Grand Canal Boulevard
Stockton, California 95207-8253
Telephone: (209) 477-3833
Facsimile: (209) 473-4818

Attorneys for Plaintiff Stephen Russell and the Putative Class

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN RUSSELL, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>KEHE DISTRIBUTORS, INC. and DOES 1-100, inclusive,<br><br>Defendants. | Case No.: 2:17-CV-01182-JAM-GGH<br><br>[~~PROPOSED~~] ORDER GRANTING FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT, ATTORNEYS' FEES, COSTS, SERVICE PAYMENT, AND FINAL JUDGMENT |

Plaintiff Stephen Russell's Motion for Final Approval of Class and Collective Action Settlement ("Motion for Final Approval") and Motion for Attorneys' Fees, Costs, and Service Payment ("Fee Motion") came on for hearing on October 2, 2018, at 1:30 p.m., before the honorable John A. Mendez. Robert J. Wasserman appeared on behalf of Plaintiff and Jeffrey Fuchsman appeared on behalf of Defendant KeHE Distributors, Inc. The Court, having fully and carefully considered Plaintiff's Motions, the memoranda and declarations in support thereof, the Parties' Settlement Agreement, and the oral arguments made at the hearing, hereby makes the following determinations and orders[1]:

---

[1] All terms used in this Order Granting Final Approval of Class and Collective Action Settlement, Attorneys' Fees, and Service Payment (the "Order") shall have the same meanings given those terms in the Parties' Class Action Settlement

1. Plaintiff's Motion for Preliminary Approval was filed on April 6, 2018. (Dkt. No. 19-1). A Motion to Intervene were filed on May 7, 2018. (Dkt. No. 21). After a lengthy hearing on June 5, 2018, the Motion to Intervene was denied and preliminary approval was granted. (Dkt. Nos. 27 and 28, respectively). The claims brought by Plaintiff are set forth in that order and will not be repeated here. Plaintiff's Motion for Attorneys' Fees and Motion for Final Approval were timely filed and posted to both this Court's website and the Settlement Claims Administrator's website for interested Class Members to review. (Dkt. Nos. 32-1 and 34-1, respectively). An objection was filed by Edward Andrade ("Andrade"). (Dkt. No. 33). Plaintiff and Defendant both opposed Andrade's Objection.

2. The Court finds that the Settlement was reached after arm's-length negotiations between the Parties, including an all-day mediation; the proposed Settlement was concluded only after counsel for the Parties conducted adequate investigation and informal discovery; and the Settlement of this action, as embodied in the terms of the Settlement, is finally approved as fair, reasonable, and adequate and in compliance with all applicable requirements of the Federal Rules of Civil Procedure and any other applicable law, and in the best interests of the Class Members.

3. Plaintiff Stephen Russel is confirmed as Class Representative.

4. Mayall Hurley P.C., by and through Lead Counsel Robert J. Wasserman, William J. Gorham, III, Nicholas J. Scardigli, Vladimir J. Kozina, and John P. Briscoe, are confirmed as Class Counsel.

5. Atticus Administration, LLC is confirmed as Administrator of the Settlement.

6. The class of employees covered by the Parties' Settlement consists of (i) all hourly, non-exempt employees of Defendant that (a) received non-discretionary bonuses and commissions, (b) worked overtime during at least one pay period from June 7, 2013 through April 7, 2018, and (c) the non-discretionary bonuses or commissions were not included in their regular rate of pay when calculating their overtime, and (ii) all California employees of Defendant that received one or more electronic wage statements between June 7, 2016 and July 10, 2017.

---

Agreement and Release of Claims ("Settlement Agreement" or "Settlement"), a copy which is attached as **Exhibit 1** to the Declaration of Robert J. Wasserman in Support of Plaintiff's Motion for Final Approval.

7. Prior to granting the preliminary approval, the Court evaluated the standards for class certification. Nothing has been raised subsequently that might affect the Court's prior analysis as to whether certification is appropriate here, and the Court has no cause to revisit that analysis. The Court finds that final certification as to the following subclasses, collectively referred to the California Class is appropriate under Rule 23:

    a. All hourly, non-exempt employees of Defendant that worked in California, and (a) received non-discretionary bonuses or commissions, (b) worked over 8 hours in a day or 40 hours in a week during at least one pay period from June 7, 2013 through April 7, 2018, and (c) the non-discretionary bonuses or commissions were not included in their regular rate of pay when calculating their overtime (the California Regular Rate Class").

    b. All hourly, non-exempt employees of Defendant that worked in California, and (a) received non-discretionary bonuses or commissions, (b) worked over 8 hours in a day or 40 hours in a week during at least one pay period from June 7, 2013 through April 7, 2018, (c) the non-discretionary bonuses and commissions were not included in their regular rate of pay when calculating their overtime, and (d) no longer work for Defendant (the "California Former Employee Class").

    c. All employees of Defendant that worked in California and both (a) were paid by direct deposit and (b) received their wage statement(s) electronically rather than along with live paychecks during at least one pay period from June 7, 2016 through July 10, 2017 and are not part of the California Regular Rate Class or the California Former Employee Class (the "California Wage Statement Class").

///
///
///
///

8. Pursuant to 29 U.S.C. § 216(b), the FLSA Class, conditionally certified in the Court's Order of Preliminary Approval, and defined below is certified:

    a. All hourly, non-exempt employees of Defendant that worked outside of California, and (a) received non-discretionary bonuses or commissions, (b) worked over 40 hours in a week during at least one pay period from June 7, 2013 through April 7, 2018, and (c) the non-discretionary bonuses or commissions were not included in their regular rate pay when calculating their overtime (the "FLSA Class").

9. The Court reviewed California Class Notice, FLSA Class Notice, and Consent and Claim Form ("Notice") that was proposed when the Parties sought preliminary approval of the settlement and found them sufficient. The Court-approved Notice informed the Class Members of the Settlement terms, the claims they would be releasing if they chose to participate in the settlement, their rights to opt-out of, comment on or object to the Settlement, and their rights to appear at the Final Approval Hearing and be heard regarding the Settlement. Adequate periods of time to respond and to act were provided by each of these procedures. A reminder postcard was sent to FLSA Class Members and website was created and maintained which provided Class Members the ability to obtain additional information regarding the Settlement, to access pertinent pleadings and, as appropriate, to submit online claims.

10. The Administrator sent Notice to 3,842 individuals on June 25, 2018. Of those, 1,655 were California Class Members and 2,188 were FLSA Class Members. Notice was effectuated on 98% of Class Members. See Declaration of Christopher Longley on Behalf of Atticus Administration, LLC ("Administrator Declaration").

11. The Court concludes that adequate notice was provided to the vast majority of the class here. *Silber v. Mabon*, 18 F.3d 1449, 1453–54 (9th Cir. 1994) (noting the court need not ensure all class members receive actual notice, only that "best practicable notice" is given); *Winans v. Emeritus Corp.*, No. 13-cv-03962-HSG, 2016 WL 107574, at *3 (N.D. Cal. Jan. 11, 2016) ("While Rule 23 requires that 'reasonable effort' be made to reach all class members, it does not require that each individual actually receive notice."). The Court accepts the Administrator Declaration, and finds sufficient notice has been provided so as to satisfy Federal Rule of Civil Procedure 23(e)(1).

12. Only 10 individuals elected to exclude themselves from the Settlement. A list of the individuals who excluded themselves is attached hereto as Exhibit A.

13. Two individuals who are not Class Members, Edward Andrade and Emmanuel J. Cann, submitted objections to the Settlement. Mr. Andrade's objection was filed with the Court. (Dkt. No. 33). Mr. Cann's objection was only mailed the Administrator. See Exhibit F to the Administrator Declaration. Insofar as these individuals are not Class Members, see Declaration of Jamie Bonin in Support of Defendant's Opposition to Motion to Intervene ¶ 4, Dkt. No. 23-1 and Administrator Declaration ¶ 26-28, they lack standing to object and their objections are denied.

14. Of the 2,188 FLSA Class Members, ~~617~~ *per* 619 individuals claimed ~~$163,449.97~~ *per* $163,718.29, or 41% of the $396,270.00 made available to them.

15. The Settlement contemplates a PAGA allocation of $20,000 of which 75% ($15,000) will be paid to the LWDA, and the remaining 25% ($5,000) will be returned to the QSF for distribution to Participating Class Members. SA ¶ 57. The proposed allocation, which was preliminarily approved by the Court, is fair and reasonable, and is within the range commonly approved by state and federal courts, is confirmed.

16. The Court also approves payment to the Administrator in the amount of $26.233.

17. The proposed Service Payment of $7,500, or .55% of the Maximum Settlement Amount, to Plaintiff *per* for his service as Class Representative is ~~approved~~ *per* denied. *The proposed Service Payment is $5000 to Plaintiff as Class Representative.*

18. Class Counsel's request of attorneys' fees in the amount of 25% of the Maximum Settlement Amount, or $337,500, and declared costs of *per* $19,622.65 ~~up to $20,000~~, are approved.

19. In accordance with the terms of the Settlement, as of the Effective Date, Participating Class Members will forever and completely release and discharge Defendant and Released Parties from the Released Claims. SA ¶ 75 (i)-(v). Additionally, Plaintiff, on behalf of himself, the LWDA, and the other aggrieved employees in the State of California, will release Defendant and Released Parties from the Released PAGA Claims. SA ¶ 76.

20. Participating Class Members shall be permanently enjoined and restrained from and against initiating or pursuing against Defendant any individual, representative, or class claims released by this Settlement

21. Final Judgment is hereby entered based on the Parties' Settlement. The Court retains jurisdiction, however, to enforce the terms of the Settlement, and ensure that its terms and this Order are carried out.

Dated: October 2, 2018

_____
HON. JOHN A. MENDEZ
UNITED STATES DISTRICT JUDGE

Exhibit A

**Exclusion Requests**

*Russell v KeHE Distributors*
*Case No. 2:17-CV-01182-JAM-GGH*

| No. | Claimant ID | First Name | Last Name | Opt- Out Received Date |
|---|---|---|---|---|
| 1 | EC201806490452 | MARCUS G. | THOMPSON | 8/8/2018 |
| 2 | EC201806492826 | SHANE | GRIMES | 8/9/2018 |
| 3 | EC201806492861 | DANIEL | FRITCH | 8/9/2018 |
| 4 | EC201806492862 | CUAUHTEMOC | BALTAZAR OROZCO | 8/9/2018 |
| 5 | EC201806492893 | PEDRO | FIGUEROA | 8/9/2018 |
| 6 | EC201806492919 | JOSE L. | GARCIA | 8/9/2018 |
| 7 | EC201806492920 | JAMIE | BONIN | 8/9/2018 |
| 8 | EC201806492963 | CHRISTOPHER E. | WISE | 8/9/2018 |
| 9 | EC201806493030 | AARON D. | HALL | 8/9/2018 |
| 10 | EC201806493836 | JOSHUA J. | GUERRA | 8/6/2018 |